# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 3, 2004 Session

## STATE OF TENNESSEE v. CARL E. LEGGETT, SR.

**Direct Appeal from the Circuit Court for Franklin County**
**No. 14250-B     J. Curtis Smith, Judge**

---

**No. M2003-01388-CCA-R3-CD - Filed June 25, 2004**

---

THOMAS T. WOODALL, J., dissenting.

I concur with the portion of the majority opinion which would affirm the trial court's judgment regarding sentencing. However, I respectfully dissent from that portion of the opinion which holds that the evidence is insufficient to sustain the conviction of facilitation of possession with intent to sell over .5 grams of cocaine.

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1,18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956). To the contrary, this Court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Tuttle*, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

Once approved by the trial court, a jury verdict accredits the witnesses presented by the State and resolves all conflicts in favor of the State. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). The credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as trier of fact. *Brewer*, 932 S.W.2d at 19. A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn.

1982). The defendant then bears the burden of overcoming this presumption of guilt on appeal. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991).

Affording the State the strongest legitimate view of the evidence contained in the record, and considering the fact that the credibility of the witnesses, the weight to be given their testimony, and the *reconciliation of conflicts in the proof*, are matters which are entrusted exclusively to the jury as a trier of fact, the proof shows as follows: Richard Hunt lived in an apartment across the street from the apartment which was searched. Phillip Smith had been staying in that apartment for about a week prior to the time that the search warrant was executed. Hunt testified that it appeared Mr. Smith was selling cocaine from the apartment because there were "different people just coming in and out all the time." Hunt stopped to talk to Defendant who was sitting in a chair outside of the apartment just prior to the search warrant being executed. Hunt saw crack cocaine in a beer cap beside Defendant's chair. At the time the search warrant was executed, Defendant was lying within a distance of one foot of a beer bottle cap containing crack cocaine. The total weight of the crack cocaine found in the apartment was 13.2 grams, which has a street value of between $2,600.00 and $5,000.00.

This Court has previously held evidence sufficient to support a conviction for facilitation of possession with intent to sell heroin in a case that is not dissimilar in strength of proof from the case *sub judice*. In *State v. Samuel L. Giddens*, No. M2002-00163-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 311, 2003 WL 1787289, (Tenn. Crim. App. at Nashville, April 4, 2003), *no perm. to app. filed*, the defendant Giddens and a man named Ronald Jasmin, were arrested during an undercover operation as they knocked on the hotel room door of a Mr. Collier at the Marriott Hotel near Franklin. When searched, Mr. Jasmin had heroin weighing 24.6 grams and cocaine weighing 4.3 grams on his person. Defendant had 13 grams of a substance containing cocaine on his person. A panel of this Court held that the evidence was sufficient to sustain the defendant Giddens' conviction for facilitation of possession of *heroin* with intent to sell on the following basis:

> The jury also convicted the [d]efendant of facilitation of possession of heroin with the intent to sell or deliver. Ronald Jasmin admitted that he took a large amount of heroin to the hotel room of Frank Collier for the purpose of selling it to Mr. Collier. Therefore, we focus on whether the [d]efendant facilitated Mr. Jasmin's possession of the heroin with the intent to sell or deliver. Facilitation occurs when, "knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a). Mr. Jasmin testified that the **[d]efendant was present** during every stage of the attempted drug sale to Frank Collier: **he was present** when Mr. Jasmin received the call from Mr. Collier requesting heroin; **he was present** when Mr. Jasmin went to his supplier to obtain heroin; **he was present** when Mr. Jasmin cut the heroin with sugar; **he accompanied Mr. Jasmin** to Mr. Collier's hotel; and **he and Mr. Jasmin both knocked on Mr. Collier's door**. Finally, Mr. Jasmin testified that the [d]efendant gave him three

small bags containing cocaine for him to try to sell to Mr. Collier in addition to the requested heroin. These facts support the jury's verdict finding the [d]efendant guilty of facilitation of possession of heroin with the intent to sell. This issue is without merit.

*Giddens*, 2003 WL 1787289 *slip op*. at 5. (Emphasis added).

In *Giddens*, this Court held that the evidence was sufficient when the proof essentially showed the defendant was merely present with Mr. Jasmin, and participated in knocking on a hotel room door.

In light of the conclusion drawn in *Giddens*, I am compelled to conclude that the evidence in this case is sufficient to sustain Defendant's conviction of facilitation of possession of cocaine in an amount in excess of .5 grams with intent to sell.

_____
THOMAS T. WOODALL, JUDGE